UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DAVID L. HOWARD, | § | |
| | § | |
| **Plaintiff,** | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| MICHAEL J. ASTRUE, | § | SA-06-CV-0790 FB (NN) |
| Commissioner of the Social | § | |
| Security Administration, | § | |
| | § | |
| **Defendant.** | § | |

MEMORANDUM AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:   Hon. Fred Biery
       United States District Judge

I. Introduction

Plaintiff David Howard, acting pro se, brought this action for judicial review of the final

decision of the Commissioner of the Social Security Administration (the Commissioner), finding

that the Social Security Administration (SSA) overpaid Disability Insurance Benefits (DIB)

under Title II of the Social Security Act (the Act) to Howard and his dependents based on an

erroneous recalculation of a public-disability-benefit offset in 1995 and that the SSA properly

recalculated the proper offset amount, resulting in a reduction to Howard's disability benefits.

After considering Howard's brief in support of his complaint,[1] the brief in support of the

Commissioner's decision,[2] the record of the SSA proceedings, the pleadings on file, the

applicable case authority and relevant statutory and regulatory provisions, and the entire record in

[1]Docket entry # 1.

[2]Docket entry # 24.

this matter, I recommend affirming the Commissioner's decision.

I have jurisdiction to enter this memorandum and recommendation under 28 U.S.C. § 636(b) and this district's general order, dated July 17, 1981, referring all cases where a plaintiff seeks review of the Commissioner's denial of the plaintiff's application for benefits for disposition by recommendation.[3]

## II. Jurisdiction

The district court has jurisdiction to review the Commissioner's final decision as provided by 42 U.S.C. §§ 405(g), 1383(c)(3).

## III. Administrative Proceedings

Howard and his dependents are or were recipients of benefits based on Howard's disability status.[4]  The SSA determined that Howard is disabled due to chronic paranoid schizophrenia beginning on May 8, 1985, with benefit payments beginning in January 1986.[5]  Since first awarding Howard disability benefits in 1986, the SSA has made two computation errors that resulted in overpayment of benefits to Howard and his dependents.[6]  Each time, the SSA recognized that Howard and his dependents were without fault in causing the overpayments and waived the right to recover the overpaid amounts.  The SSA adjusted the DIB amount and attempted to calculate the proper amount of DIB after applying the public-disability-benefit offset

---

[3]*See* Local Rules for the Western District of Texas, appx. C, p. 10.

[4]*See* 20 C.F.R. §§ 404.30, 404.331 & 404.350 (allowing payment of disability benefits to the spouse (including divorced spouse) and children of an insured person who is entitled to disability benefits if certain requirements are met).

[5]SSA record, pp. 21, 30.

[6]*See id*. at pp. 19-22 & 29-32.

as required in 42 U.S.C. § 424a.[7]  Under the recalculations, Howard and his dependents were permitted to keep the overpaid benefits, but the SSA ceased the over-payments.

The first recalculation resulted when the SSA discovered that Howard received civil service disability payments from the Department of the Air Force (the Air Force) and that the amount of those benefits had not been off-set.[8]  The SSA notified Howard about the overpayment resulting from the failure to apply the offset[9] and Howard appealed the offset to the hearing level.[10]  On October 4, 1989, an administrative law judge (ALJ) issued a decision, determining that the reduction in Howard's DIB based on the application of the public-disability-benefit offset was proper and waiving recovery of the overpayment.[11]  Howard did not challenge that decision[12]—the decision is not part of this review.

The second recalculation is the subject of this appeal.[13]  The second recalculation resulted when the SSA discovered that it had used the incorrect "average current earnings" in calculating the public-disability-benefit offset, resulting in a second overpayment of DIB.  In 1997, the SSA discovered that in July 1995, the SSA erroneously recalculated the public-disability-benefit offset retroactive to 1986 using an incorrect "average current earnings" figure of $896.80 instead of the

---

[7]See 20 C.F.R. § 404.408 (explaining when reduction in DIB is required–*i.e.*, when the claimant also receives certain other disability benefits).

[8]SSA record, pp. 29-32, 218-219 & 221.

[9]See id. at p. 29.

[10]See id. at pp. 163-166.

[11]See id. at pp. 29-32.

[12]See id. at p. 20.

[13]See id. at pp. 19-22.

$560.00 figure originally used to calculate Howard's DIB amount, resulting in an overpayment of DIB from September 1988 through May 1997.[14]  On August 4, 1997, the SSA informed Howard that it waived its right to recover the overpayment because Howard and his dependents were without fault.[15]  On October 4, 1997, the SSA issued a reconsideration determination explaining why the 1995 recalculation error resulted in overpayment and notifying Howard that the DIB was reduced to reflect the original and correct offset amount.[16]  On November 3, 1997, Howard timely requested a hearing to review the reconsideration decision.[17]  Initially, the ALJ conducted a pre-hearing conference—on July 16, 1999—to clarify the issues for review and to explain the hearing process to Howard.[18]  On April 23, 2002, the SSA erroneously dismissed Howard's request for a hearing as untimely.[19]  Upon Howard's request for review of the dismissal, the SSA Appeals Council remanded the case to an ALJ for a hearing because Howard had timely requested a hearing.[20]

The ALJ conducted two hearings—March 19, 2004 and December 8, 2004.  The ALJ was unable to obtain Howard's testimony about the merits of his disagreement with the recalculation because Howard argued about procedural issues and refused to cooperate in the ALJ's attempt to

[14]*See id*. at pp. 19, 164, 204-205 & 239-249.

[15]*See id*. at p. 259.

[16]*See id*. at pp. 204-205.

[17]*See id*. at p. 206.

[18]*See id*. at pp. 355-377.

[19]*See id*. at pp. 271-3 & 279.

[20]*See id*. at pp. 278-280.

question him.[21]  On May 16, 2005, the ALJ issued a decision affirming the SSA's findings in the 1997 reconsideration determination.[22]  The ALJ recognized that the SSA had determined in 1989 that Howard's DIB is subject to an offset based on the public disability benefits he receives from the Air Force;[23] in 1995, the SSA erroneously increased the amount of DIB using an incorrect "average current earnings" figure in computing the public-disability-benefit offset, resulting in an overpayment of benefits;[24] the SSA waived recovery of the overpayment because neither Howard nor his dependents were at fault;[25] the SSA recalculated the appropriate offset amount using $560.00 as 80% of Howard's "average current earnings";[26] and Howard and his dependents are now receiving the correct amount of DIB benefits.[27]  The ALJ's May 16, 2005 decision became the Commissioner's final administrative decision for judicial review when the Appeals Council denied review on August 1, 2006.[28]  Howard filed this action on September 18, 2006, asking for judicial review.[29]

---

[21]*See id*. at pp. 304-353.

[22]*See id*. at pp. 19-22.

[23]*See id*. at pp. 20-21.

[24]*See id*. at p. 21.

[25]*See id*.

[26]*See id*. at p. 20.

[27]*See id*. at p. 21.

[28]*See id*. at pp. 4-8.

[29]*See* docket entry # 1.

## IV.  Issues Presented

Howard has listed many allegations and questions in brief, but the only issues properly before the district court are whether substantial evidence supports the ALJ's May 16, 2005 decision and whether the decision comports with proper legal standards.

## V.  Standard of Review

In reviewing a final decision of the Commissioner, the reviewing court is limited to determining whether substantial evidence in the record as a whole supports the decision and whether the ALJ applied proper legal standards in evaluating the evidence.[30]  In applying the substantial-evidence standard of review, the court "cannot reweigh the evidence, but may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision."[31]  "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[32]  If the Commissioner's findings are supported by substantial evidence, then they are conclusive and must be affirmed.[33]

## VI.  Whether Substantial Evidence Supports the ALJ's Decision

Howard maintains that no overpayment of DIB was made and that he is entitled to the benefit amount that he received prior to the second recalculation.  Social Security law specifically

---

[30]*See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Falco v. Shalala*, 27 F.3d 160, 162 (5th Cir. 1994).

[31]*Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

[32]*Villa v. Sullivan*, 895 F.2d 1019, 1021-22 (5th Cir. 1990).

[33]*Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995).

provides that when a person is receiving both DIB and disability payments from another governmental component, a reduction in the amount of the DIB is required.[34]  In this case, the SSA found that in addition to DIB—beginning on January 20, 1986—Howard also began receiving disability benefits based on his federal civil service coverage from his work with the Air Force.  Because Howard's wages from the Air Force were not covered for Social Security benefit purposes,[35] the public-disability-benefit offset applies to the calculation of Howard's disability benefits.  Whether the offset applies is not part of this review because that question was the subject of the first-recalculation decision.

The subject of this review—the ALJ's May 2005 decision—concerns whether the SSA properly recalculated the offset in 1997.  The Act and implementing regulations require the Commissioner to make an adjustment or recovery of DIB when the recipient receives more than the correct amount of his benefit payment.[36]  An overpayment includes a payment in excess of the amount due under Title II of the Act, as well as a payment resulting from the failure to reduce benefits based on the receipt of other public disability benefits.[37]  The provisions for adjustment also apply in cases where through error, a reduction, increase, or deduction is made which is either more or less than required.[38]

In calculating the offset, the SSA regulations provide that the total of disability benefits

---

[34]*See* 42 U.S.C. § 424a; 20 C.F.R. § 404.408.

[35]SSA record, pp. 31, 164 & 253-256.

[36]*See* 42 U.S.C. § 404(a); 20 C.F.R. § 404.501.

[37]*See* 20 C.F.R. §§ 404.408, 404.501(a).

[38]*See* 20 C.F.R. § 404.501(a)(6).

payable for a month is reduced monthly (but not below zero) by the amount by which the sum of the monthly DIB payable on the disabled individual's earnings record and the other public disability benefits payable for that month exceeds the higher of 80% of his "average current earnings."[39]  The regulations provide formulas for determining the "average current earnings" figure.[40]  The total monthly DIB payable after reduction is calculated by subtracting the monthly amount of the other public disability benefits from the 80% of his "average current earnings" amount.[41]

The evidence in the record shows that the SSA initially used this formula to determine that 80% of Howard's "average current earnings" was $560.00,[42] and then erroneously recalculated the offset in 1995 using $896.80 as 80% of the "average current earnings" figure.[43] This error resulted in a higher monthly benefit payment than Howard and his dependents were due; however, because neither Howard nor his dependents were at fault in causing this overpayment, the SSA waived its right to recover the overpaid benefits.[44]  The evidence further shows that once the SSA discovered its error in the calculation of Howard's benefits—in

---

[39]*See* 20 C.F.R. § 404.408(c)(1).

[40]*See* 20 C.F.R. § 404.408(c)(3).

[41]*See* 20 C.F.R. § 404.408(c)(5).

[42]SSA record, p. 164.

[43]*See id*. at pp. 20, 29-32, 163-165, 204-205 & 239-249.

[44]*See id*. at pp. 20-21, 204-205 & 259.  *See also* 42 U.S.C. § 404(b) ("In any case in which more than the correct amount of payment has been made, there shall be no adjustment of payments to, or recovery by the United States from, any person who is without fault if such adjustment or recovery would defeat the purpose of this subchapter or would be against equity and good conscience.").

1997—the SSA readjusted the offset amount using the original "average current earnings" amount of $560.00, reducing the DIB amount paid to Howard and his dependents.[45]  The correction of the 1995 recalculation error returned Howard and his dependents to the correct amount of benefits due to them.  Because the record supports the SSA's second recalculation of Howard's DIB, and because the record shows that the SSA applied the correct legal standards in calculating Howard's "average current earnings" and applying the public-disability-benefit offset, substantial evidence supports the ALJ's decision.

## VII.  Recommendation

Because substantial evidence supports the ALJ's decision, I recommend DENYING Howard's request for relief (docket entry # 1) and AFFIRMING the Commissioner's decision.

## VIII. Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this memorandum and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "Filing User" with the Clerk of Court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this memorandum and recommendation must be filed within 10 days after being served with a copy of same, unless this time period is modified by the district court.[46]  **Such party shall file the objections with the Clerk of the Court, and serve the objections on all other parties and the Magistrate Judge.** A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the

---

[45]SSA record, pp. 204-205.

[46]28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).

district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[47]  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this memorandum and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[48]

**SIGNED** on June 14, 2007.

*Nancy Stein Nowak*

NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[47]*Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).

[48]*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).