IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| DAVID HOWARD, § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | Civil Action No.  SA-06-CV-790-XR |
| § | |
| MICHAEL J. ASTRUE, COMMISSIONER § | |
| OF THE SOCIAL SECURITY § | |
| ADMINISTRATION, § | |
| § | |
| *Defendant*. | |

**ORDER**

On this date, the Court considered pro se Plaintiff's motion to reopen his social security appeal and remand the case to the Social Security Administration ("SSA") for further proceedings.  Doc. No. 43.  After careful consideration, the Court DENIES the motion.

**BACKGROUND**

Since Plaintiff David Howard began receiving Disability Insurance Benefits ("DIB") in 1985, the SSA has apparently been unable to correctly set the benefit level to which he is entitled.  This lawsuit arises out of Mr. Howard's appeal of a 2005 decision by the SSA.  In that administrative proceeding, the Administrative Law Judge ("ALJ") found that the SSA had been over-paying Mr. Howard from 1988 until 1997 but that he did not have to re-pay the SSA because he was not at fault for the overpayment.  In addition, the ALJ found that Mr. Howard was receiving the correct DIB level as of 2005.

On September 18, 2006, Mr. Howard sought judicial review of this determination under 42 U.S.C. §§ 405(g), 424(a).  Doc. No. 1.  In a written opinion, this Court affirmed the

SSA's findings. Mr. Howard filed an appeal with the United States Court of Appeal for the Fifth Circuit. On March 6, 2008, the Fifth Circuit affirmed this Court's judgment. *Howard v. Astrue*, 268 F. App'x. 341 (5th Cir. 2008).

In 2009, the SSA notified Mr. Howard that it was reducing his DIB retroactive to December 2003 and seeking re-payment. Doc. No. 43, Ex. 4. In 2011, an ALJ confirmed that Mr. Howard had been overpaid since 2003 in the amount of $15,121.00. This ruling conflicted with the SSA's 2005 decision, affirmed by this Court, which had found that Mr. Howard was receiving the correct DIB amount in 2005. Accordingly, the SSA's Appeals Council reversed and remanded the 2011 decision. The Appeals Council further instructed the SSA that if it wished to recalculate any DIB overpayments for Mr. Howard, it could only assess time periods that were not addressed in the 2005 ALJ opinion in order to preserve the administrative finality of that and other previous SSA determinations. Doc. No. 43, Ex. 4. Mr. Howard has apparently appealed the results of the 2009/2011 proceedings in a separate lawsuit.[1] In this motion, Mr. Howard seeks only to re-open the 2005 SSA determination.

## DISCUSSION

When considering a motion to re-open a closed case on the basis of new evidence, a trial court should consider: (1) the importance and probative value of the additional evidence; (2) the reasons for the moving party's failure to introduce the evidence at trial; and (3) the possibility of prejudice to the non-moving party. *Kona Tech. Corp. v. S. Pac. Transp. Co.*, 225 F.3d 595, 609 (5th Cir. 2000) (quoting *Garcia v. Woman's Hosp. of Tex.*, 97 F.3d 810, 814 (5th Cir. 1996). Under the first prong of this test, the SSA contends that Mr. Howard has not put forth important new evidence with probative value. Doc. No. 45.

---

[1] Cause No. 5:13-cv-899-FB

As an initial matter, Mr. Howard has not articulated why he seeks to revisit the 2005 ALJ decision.  As noted by the Appeals Council in its 2013 decision, the 2005 decision was favorable to Mr. Howard because the ALJ: (1) waived the SSA's right to recover past overpayment; and (2) found that Mr. Howard was, at that time, receiving the correct DIB level.  Presumably, Mr. Howard does not seek to re-visit the aspects of the 2005 decision that were favorable to him.   Therefore, the only rational motivation that Mr. Howard could have to reopen this case is to challenge the ALJ's finding that he was being overpaid to begin with and thus not entitled to a higher level of DIB.  However, the issue of whether Mr. Howard was overpaid between 1988 and 1997 is *res judicata*.  This issue was litigated through the administrative process, this Court, and the Fifth Circuit.  Mr. Howard did not seek a writ of *certiorari* with the Supreme Court on the matter.  Mr. Howard has not established adequate grounds for this Court to disturb a final judgment.

The only new evidence proffered by Mr. Howard in support of this motion to reopen this case is the 2013 Appeals Council decision.   It is not clear how the 2013 decision, on balance favorable to Mr. Howard, constitutes "new" evidence that is in anyway relevant to the 2005 ALJ decision that is the subject of this lawsuit.   The 2013 Appeals Council decision does indicate that the 2011 ALJ decision was flawed because the ALJ did not give sufficient deference to the finality of the 2005 ALJ decision.  It does not follow that the 2005 decision must have also been incorrect.[2]

---

[2] In fact, this argument suffers from a measure of circularity.  The Appeals Council expressly held that the 2011 ALJ decision was flawed *because* it did not give adequate deference to the 2005 decision. Consequently, as Mr. Howard appears to acknowledge, the 2013 decision was necessarily predicated on the finding that the 2005 decision was entitled to deference.  At the same time, Mr. Howard is arguing that the 2013 decision is evidence that the 2005 ALJ decision was incorrect and needs to be re-opened.  This argument is without merit.

Ultimately, Mr. Howard has failed to provide new probative evidence indicating that this case reviewing the 2005 ALJ decision should be reopened. To the extent that Mr. Howard seeks judicial review of the 2011 SSA proceeding, that issue is not properly before this Court. In addition, as noted herein, Mr. Howard has already filed a separate lawsuit in which he can pursue relief related to any claim arising out of the 2011 proceeding.

## CONCLUSION

In light of the foregoing analysis, Mr. Howard's motion to reopen this case and remand it to the SSA for further proceedings is DENIED. Doc. No. 43. Mr. Howard's request for oral argument on this motion is also DENIED. Doc. No. 48. Mr. Howard has also filed a motion for "access to read records online," which the Court liberally construes as a motion to be granted additional access rights to the CM/ECF system. Doc. No. 47. In light of this order that this case remained CLOSED, Plaintiff's motion is DENIED AS MOOT.

SIGNED this 5th day of February, 2014.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE